NICOLA T. HANNA
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
CHARLES E. PELL (Cal. Bar No. 210309)
Assistant United States Attorney
Santa Ana Branch Office
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3542
    Facsimile: (714) 338-3561
    E-mail:    Charles.E.Pell2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARET QUICK,<br><br>    Defendant. | No. SA CR 18-000243-AG<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 05/21/2019<br>**PROPOSED TRIAL DATE:** 11/19/2019 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Charles E. Pell, and defendant MARGARET QUICK ("defendant"), both individually and by and through her counsel of record, Evan J. Davis, Esquire, hereby stipulate as follows:

    1.    The Indictment in this case was filed on November 28, 2018. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 25, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

trial commence on or before June 3, 2019.

2. On December 3, 2018, the case was transferred from the Honorable James v. Selna to the Honorable Andrew J. Guilford.

3. On March 25, 2019, the Court set a trial date of May 21, 2019, and a status conference date of May 13, 2019.

4. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately five days.

5. By this stipulation, defendant moves to continue the trial date to November 19, 2019, and the status conference date to November 11, 2019. This is the first request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

  a. Defendant is charged with violating 26 U.S.C. § 7212(a): attempt to interfere with administration of the Internal Revenue laws (counts 1-2), and 18 U.S.C. § 1001(a)(2): false statement (count 3).

  b. The government has produced discovery to the defense, including 125 pages of written reports. The volume of discovery in progress of being formatted for production exceeds 1,700 GB, with approximately 299,303 items, which includes additional reports, digital documents such as email messages and tax records

  c. Due to the nature of the prosecution and the existence of novel questions of fact or law, including the charges in the indictment and the voluminous discovery being produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial

itself within the Speedy Trial Act time limits.  This case will also involve issues involving the attorney-client privilege.

       d.    Defense counsel Toscher has a prepaid vacation from September 5 to 28, 2019, and defense counsel Davis has a prepaid vacation from August 2 to 16, 2019.

       e.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       f.    Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

       g.    The government joins in the request for, and does not object to, the continuance.

       h.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of April 26, 2019, to November 19, 2019, inclusive,

should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

///
///
///

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 26, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

/s/
CHARLES E. PELL
Assistant United States Attorney
Santa Ana Branch Office

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am MARGARET QUICK's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 19, 2019, is an informed and voluntary one.

/s/ PER EMAIL AUTHORIZATION                    05/01/2019
EVAN J. DAVIS                                   Date
Attorney for Defendant
MARGARET QUICK

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 19, 2019. I understand that I will be ordered to appear in Courtroom 10D of the

1  Ronald Reagan Federal Courthouse, 411 West 4th Street, Santa Ana,
2  California 92701, on November 19, 2019, at 9:00 a.m.

3  _____          4·30·19
4  MARGARET QUICK                          _____
   Defendant                                   Date