NICOLA T. HANNA
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
CHARLES E. PELL (Cal. Bar No. 210309)
Assistant United States Attorney
Santa Ana Branch Office
     United States Courthouse
     411 West Fourth Street, Suite 8000
     Santa Ana, California  92701
     Telephone: (714) 338-3542
     Facsimile: (714) 338-3561
     E-mail:    charles.e.pell2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
10/13/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: WH   DEPUTY

cc: PSA/USPO

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 18-000243-PSG |
|---|---|
| Plaintiff, | [PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MARGARET QUICK, | |
| Defendant. | NEW TRIAL DATE:  01/26/2021 |
| | NEW S/C DATE:  01/11/2021 |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter, as well as the Central District of California's General Orders Nos. 20-02 and 20-03 In Re: Coronavirus Public Emergency.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; iii) the case is so unusual and so complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court also hereby FINDS AS FOLLOWS:

1. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).  The Court most recently renewed that suspension, until a "date to be determined," on August 6, 2020. C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Aug. 6, 2020).

2. Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020).  On March

19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (March 29, 2020) and 20-044 (March 31, 2020). The Court's most recent General Order maintains court facilities' general closure to the public; however, it allows in-person criminal hearings for defendants who do not consent to remote appearance, and it allows up to 10 members of the public to attend. General Order No. 20-09, at 2-3 (August 6, 2020).

3. These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See, e.g., General Order 20-02, at 1.

4. Local and state governments have adopted similar policies. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Safer At Home ¶ 4. Non-essential businesses

requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District remain closed to in-person classes.

5.  Given the grave public-health concerns discussed in General Orders 20-02 through 20-09, and given the facts set forth in the government's Motion (which the Court incorporates fully by reference here), the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

6.  Failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.

7.  Failure to continue this case would also likely put parties, witnesses, jurors, counsel, and court personnel at unnecessary risk.

8.  Due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.  The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and there is good cause for a finding of excludable time pursuant to the Speedy Trial

4

1 | Act, 18 U.S.C. § 3161.
2 |     THEREFORE, FOR GOOD CAUSE SHOWN:
3 |     1.   The trial in this matter is continued from October 27,
4 | 2020, to January 26, 2021. The status conference hearing is
5 | continued to January 11, 2021, at 10:00 a.m.
6 |     2.   The time period of October 27, 2020, to January 26, 2021,
7 | inclusive, is excluded in computing the time within which the trial
8 | must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i),
9 | and (h)(7)(B)(iv).
10 |     3.   Defendant shall appear in Courtroom 6A of the Federal
11 | Courthouse, 350 W. 1st Street, Los Angeles, California, pursuant to
12 | the newly-scheduled dates and times.
13 |     4.   Nothing in this Order shall preclude a finding that other
14 | provisions of the Speedy Trial Act dictate that additional time
15 | periods are excluded from the period within which trial must
16 | commence.  Moreover, the same provisions and/or other provisions of
17 | the Speedy Trial Act may in the future authorize the exclusion of
18 | additional time periods from the period within which trial must
19 | commence.
20 |     IT IS SO ORDERED.

21 | 10/13/2020                                           PHILIP S. GUTIERREZ
22 | DATE                                                   HONORABLE PHILIP S. GUTIERREZ
23 |                                                           CHIEF UNITED STATES DISTRICT JUDGE