NICOLA T. HANNA
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
CHARLES E. PELL (Cal. Bar No. 210309)
Assistant United States Attorney
Santa Ana Branch Office
     Ronald Reagan Federal Bldg. & U.S. Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3542
     Facsimile: (714) 338-3561
     E-mail:    Charles.E.Pell2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:18-cr-00243-PSG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MARGARET QUICK, | |
| Defendant. | **CURRENT TRIAL DATE:** 01/26/2021<br>**PROPOSED TRIAL DATE:** 03/23/2021 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Charles E. Pell, and defendant MARGARET QUICK ("defendant"), both individually and by and through her counsel of record, Steven R. Toscher, Esquire, and Evan J. Davis, Esquire, hereby stipulate as follows:

1.  The Indictment in this case was filed on November 28, 2018. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 25, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 3, 2019.

2.   On December 3, 2018, the case was transferred from the Honorable James v. Selna to the Honorable Andrew J. Guilford.

3.   On February 5, 2020, the case was reassigned from the Honorable Andrew J. Guilford to the Honorable Philip S. Gutierrez.

4.   On October 13, 2020, pursuant to the most recent stipulation of the parties and good cause, the Court continued the trial date to January 26, 2021.

5.   Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately five days.

6.   By this stipulation, defendant moves to continue the trial date to March 23, 2021, and the status conference date to March 8, 2021.  This is the sixth request for a continuance.

7.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.   Defendant is charged with violating 26 U.S.C. § 7212(a): attempt to interfere with administration of the Internal Revenue laws (counts 1-2), and 18 U.S.C. § 1001(a)(2): false statement (count 3).

   b.   The government has produced a very large amount of discovery to the defense, which includes documents with bate numbering exceeding 8,000,000, such as written reports, email messages, tax records, and more than 500 pages of grand jury transcripts.

   c.   Defendant experienced a medical condition that required another surgery that occurred on January 28, 2020.  In addition to some serious post surgery complications for defendant,

2

there have been continuing medical issues, so counsel has had limited ability to meet with defendant.

      d.  Due to the nature of the prosecution and the existence of novel questions of fact or law, including the charges in the indictment and the voluminous discovery being produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  This case will also involve issues involving the attorney-client privilege.

      e.  In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      f.  Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

      g.  The government joins in the request for, and does not object to, the continuance.

      h.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available

3

witnesses.

8. The parties also agree that the trial should be continued under the ends-of-justice provision of the Speedy Trial Act also based upon the COVID pandemic:

    a. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The Court most recently renewed that suspension, until a "date to be determined," on August 6, 2020. C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Aug. 6, 2020).

    b. Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar. 31, 2020). The Court's most recent General Orders maintain

1 court facilities' general closure to the public but allow in-person
2 criminal hearings for defendants who do not consent to remote
3 appearance and allow up to 10 members of the public to attend.
4 General Order No. 20-12, at 2 (Sept. 14, 2020); General Order No. 20-
5 09, at 2-3 (Aug. 6, 2020).
6          c.   These orders were imposed based on (1) the California
7 Governor's declaration of a public-health emergency in response to
8 the spread of COVID-19, as well as (2) the Centers for Disease
9 Control's advice regarding reducing the possibility of exposure to
10 the virus and slowing the spread of the disease.  See, e.g., General
11 Order 20-02, at 1.  The Chief Judge has recognized that, during the
12 COVID-19 crisis, all gatherings should be limited to no more than 10
13 people and elderly and other vulnerable people should avoid person-
14 to-person contact altogether.  See Order of the Chief Judge No. 20-
15 042, at 1-2.  The Court has more broadly recognized CDC guidance
16 advising "precautions to reduce the possibility of exposure to the
17 virus and slow the spread of the disease[.]"  General Order 20-09, at
18 1.
19          d.   Local and state governments have adopted similar
20 policies.  On March 19, 2020, both Los Angeles Mayor Eric Garcetti
21 and California Governor Gavin Newsom issued emergency orders
22 requiring residents to "stay home," subject to limited exceptions.
23 California Executive Order N-33-20 (March 19, 2020); accord Safer at
24 Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1
25 (March 19, 2020).  Subject to similarly limited exceptions, all
26 travel was prohibited.  Safer At Home ¶ 4.  Non-essential businesses
27 requiring in-person attendance by workers were ordered to cease
28 operations.  Id. ¶ 2.  All schools in the Los Angeles Unified School

5

District remain closed to in-person classes.

   e. As these orders reflect, the coronavirus pandemic is a global emergency that is unprecedented in modern history.  As data from both the Centers for Disease Control and the California Department of Public Health reflect, the virus has spread through the United States community at an alarming rate.  See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx.  The death toll, across the world, is staggering.

   f. The Court's August 6, 2020 General Order concluded, based on these facts, that "in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel," it was necessary to suspend criminal jury trials until further notice.  General Order 20-09, at 1 (Aug. 6, 2020).  The Court concluded that, given the increased rates of COVID-19-related hospitalization and death over the preceding 30 days, "holding jury trials substantially increases the chances of transmitting the Coronavirus," and it would thus "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk."  Id. at 3.  The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial.  Id.

   g. Moreover, California State has recently instituted new

more restrictive orders related to COVID-19.  Specifically, on December 3, 2020, California announced a Regional Stay Home Order, that went into effect Saturday, December 5, 2020, and remains in effect for at least 3 weeks, in certain regions if intensive care unit (ICU) capacity drops below 15% in a region.  The Central District of California falls within the "Southern California" region of that Order, which includes all seven of the counties in the Central District – Los Angeles, Orange, Riverside, San Bernardino, San Luis Obispo, Santa Barbara, and Ventura Counties – as well as Imperial, Inyo, Mono, and San Diego Counties.  Among other things, that order instructs Californians in certain high transmission areas/regions to stay at home as much as possible and closes many establishments and limits others.  On December 5, 2020, Los Angeles County announced that the county health officer order would be modified because the Southern California Region fell below the 15% capacity threshold mandated in the California State Regional Stay Home Order.  Specifically, the new release provided: "The State announced a Regional Stay Home Order will go into effect and would remain in effect for at least three weeks in California regions where ICU capacity falls below 15%.  According to the State, as of December 5, the Southern California Region has 12.5% staffed adult ICU capacity remaining.  The State advises the Order goes into effect Sunday, December 6 at 11:59 p.m. and remains in effect for at least 3 weeks.  … The Order prohibits private gatherings of any size, closes sector operations, and requires 100% masking and physical distancing. The State Regional Stay at Home Order is similar to the existing County Safer at Home Health Offer with additional sector closings."  As of present, the order is still in effect.

  h. The Central District of California has not adopted any protocols for safely conducting jury trials. See General Order 20-09.

  i. By Notice dated December 7, 2020, the United States District Court for the Central District of California has activated its Continuity of Operations ("COOP") Plan, effective December 9, 2020 at 5:00 p.m. through and including January 8, 2021. According to the Court's Notice: "The activation of the COOP Plan is necessary to ensure the continuous performance of essential functions and operations of the Court in light of the Coronavirus Disease 2019 ("COVID-19") pandemic and the recent unprecedented surge of COVID-19 cases, hospitalizations, and test positivity rates in the Central District." Under that Notice, all Courthouses in the Central District of California will be closed to the public except for hearings on criminal duty matters, and all jury trials remain suspended, as well as all regularly scheduled grand jury proceedings are suspended.

  j. As the above facts reflect, the ends of justice justify excludable time here. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. "Although the drafters of the Speedy Trial Act did not provide a particular exclusion of time for such public emergencies (no doubt failing to contemplate, in the more innocent days of 1974, that emergencies such as this would ever occur), the discretionary interests-of-justice exclusion" certainly covers this situation. United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (addressing September 11 attacks); see Furlow v. United States, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy

1  Trial exclusion after eruption of Mount St. Helens); accord United
2  States v. Stallings, 701 F. App'x 164, 170-71 (3d Cir. 2017) (same,
3  after prosecutor had "family emergency"); United States v. Hale, 685
4  F.3d 522, 533-36 (5th Cir. 2012) (same, where case agent had
5  "catastrophic family medical emergency"); United States v. Scott, 245
6  Fed. Appx. 391, 394 (5th Cir. 2007) (same, after Hurricane Katrina);
7  United States v. Richman, 600 F.2d 286, 292, 293-94 (1st Cir. 1979)
8  (same, after a "paralyzing blizzard" and the informant was
9  hospitalized).
10           k.   Here, the public health risks outlined above--and the
11  findings articulated in General Orders 20-02 and 20-09--justify a
12  continuance.  As the President, the California governor, the Los
13  Angeles mayor, and this Court's own General Orders have recognized,
14  we are in the midst of a grave public-health emergency requiring
15  people to take extreme measures to limit contact with one another.
16  The Central District of California has no established jury-trial
17  protocol at present; instead, the Court has concluded that jury
18  trials would "place prospective jurors, defendant, attorneys, and
19  court personnel at unnecessary risk."  General Order 20-09 at 3
20  ¶ 6(a).  In the absence of such a district-wide protocol, proceeding
21  with a jury trial is unsafe.
22           l.   In addition, due to the restrictions imposed by
23  current public-health concerns, it is also unreasonable to expect
24  adequate preparation for pretrial proceedings or for the trial itself
25  within Speedy Trial Act time limits.
26           m.   Under these unusual and emergent circumstances, denial
27  of a continuance is likely to deny all counsel reasonable time
28

necessary for effective preparation, taking into account the exercise of due diligence.

9. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 26, 2021, to March 23, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///

///

///

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 6, 2021          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

        /s/
CHARLES E. PELL
Assistant United States Attorney
Santa Ana Branch Office

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am MARGARET QUICK's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 23, 2021, is an informed and voluntary one.

*/s/ per email authorization dated 01/06/2021*

STEVEN R. TOSCHER/EVAN J. DAVIS          Date
Attorneys for Defendant
MARGARET QUICK